IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CATHERINE E. WAIDE,            )
                               )
       Plaintiff,              )
                               )
vs.                            )   Case No. CIV-16-817-D
                               )
CITY OF OKLAHOMA CITY, *et al.*, )
                               )
       Defendants.             )

# **O R D E R**

Before the Court is Defendant Douglas Kupper's Motion for Summary Judgment [Doc. No. 48], filed pursuant to Fed. R. Civ. P. 56.[1] Defendant Kupper seeks a judgment in his favor on a claim asserted against him under 42 U.S.C. § 1983, alleging a violation of Plaintiff's Fourteenth Amendment right to due process.[2] Plaintiff Catherine Waide has filed a response brief [Doc. No. 71], and Defendant Kupper has replied [Doc. No. 74]. Thus, the Motion is fully briefed.

## **Factual and Procedural Background**

Plaintiff was a municipal employee for more than 20 years when she was terminated on June 22, 2015, from a management position in the parks department. Defendant Kupper, who became director of the department in May 2014, made the initial termination

---

[1] Defendant City of Oklahoma City's Motion for Summary Judgment [Doc. No. 54] will be addressed by a separate order.

[2] Plaintiff has voluntarily dismissed all other claims asserted against Defendant Kupper. *See* 8/2/17 Order [Doc. No. 43] (granting Plaintiff's Consent Motion to Amend Complaint; dismissing Counts III and VI and any claim under 42 U.S.C. § 1985).

decision. Although Plaintiff asserts numerous claims against her employer, Defendant City of Oklahoma City (the "City"), any individual liability of Defendant Kupper arises only under § 1983, and is based on his alleged violation of Plaintiff's constitutional rights during the termination process. Specifically, Plaintiff alleges she had a property interest in continued employment and she was deprived of that interest without adequate pre-termination procedures required by the Due Process Clause under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), and its progeny. Plaintiff also alleges the post-termination grievance and appeal process (which she completed without success in overturning the decision) was constitutionally flawed.

## Defendant's Motion

Defendant Kupper seeks summary judgment on the ground that Plaintiff had no property interest in her employment that was protected by the Due Process Clause. Alternatively, Defendant Kupper asserts that constitutionally adequate procedures were followed. Defendant Kupper presents evidence to show that Plaintiff received a "pre-determination hearing" as provided by the City's personnel policies; he contends this procedure provided greater pre-termination protection than *Loudermill* requires. *See* Def. Kupper's Mot. at 11-12. Plaintiff also utilized the post-termination grievance and review process available to all municipal employees. Finally, Defendant Kupper asserts the defense of qualified immunity.

## Plaintiff's Response

In response to Defendant Kupper's Motion, Plaintiff relies in substantial part on a mistaken admission by the City in its Answer, admitting a paragraph of Plaintiff's petition

2

alleging that she had a property interest in her employment. *See* Pl.'s Resp. Def. Kupper's Mot. at 1, 7-9 & n.1 (citing City's Answer [Doc. No. 7], ¶ 67). When alerted to this error, however, the City promptly moved to amend its pleading. *See* City's Appl. Leave File Am. Answer [Doc. No. 73]. Over Plaintiff's objection, the Court granted the motion, and the City timely filed its Amended Answer [Doc. No. 83], denying the allegation. This amendment superseded the City's original pleading "and render[ed] it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (internal quotation omitted); *see Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1180-81 (10th Cir. 2015. Because the City has effectively withdrawn the admission, Plaintiff's reliance on it is now unfounded.[3]

Plaintiff also asserts that a property interest in continued employment was created by an implied contract arising from certain provisions of the City's employee "handbooks," by which she refers to its personnel policies and internal departmental policies. *See* Pl.'s Resp. Def. Kupper's Mot. at 9. Plaintiff contends the pre-termination procedures provided to her were insufficient to satisfy all requirements of *Loudermill*, particularly that she receive a meaningful opportunity to respond to the charges against her before the termination decision was made. Plaintiff's response to Defendant Kupper's Motion is silent regarding any alleged deficiency in the post-termination procedures that were provided, but she explains in response to the City's Motion for Summary Judgment that

---

[3] Notably, in giving the City leave to amend, the Court also invited Plaintiff to file a timely motion to amend her summary judgment brief. *See* 10/10/17 Order [Doc. No. 82] at 2 n.1. But Plaintiff has elected to stand on her original brief.

she believes *ex parte* communications occurred during the grievance and appeal process and interfered with her right to an impartial review of the decision. *See* Pl.'s Resp. Def. City's Mot. [Doc. No. 75] at 32-33, 34-35.

## Standard of Decision

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id*. If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex*, 477 U.S. at 322-23. If the movant carries this burden, the nonmovant must go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see* Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *See Anderson*, 477 U.S. at 251-52.

**Statement of Undisputed Facts** [4]

The City operates under a council-manager form of government and a city charter. The city manager serves as the City's chief administrative officer, and the charter authorizes the city manager to appoint and dismiss all officers and employees of the City except elected officers. *See* Def. Kupper's Mot., Ex. 1 [Doc. No. 48-1], Charter art. IV § 3(a), (c)-(d) (available online at https://library.municode.com/ok/oklahoma_city/codes/code_of_ordinances?nodeId=OKCH). The charter expressly provides that "removals and demotions shall be made solely for the good of the service," and requires the city manager to "[d]ismiss any officer or employee appointed by him whenever, in his judgment, the interests of the City service so require." *Id*. art. III § 1; art. IV § 3(d). Also, all employees of the City are subject to written personnel policies. These policies expressly state they "are not a contract of employment, nor are they intended to be and shall not be interpreted by an employee as a contract of employment." *See* Def. Kupper's Mot., Ex. 2 [Doc. No. 48-2], Personnel Policies § 102. The City viewed Plaintiff as an at-will municipal employee who could be terminated at any time for any reason that was not illegal;[5] her

---

[4] This statement includes only facts that are material to the issues raised by Defendant Kupper's Motion, that are properly supported by the asserting party, and that are not opposed in the manner required by Rule 56(c). All facts are stated in the light most favorable to Plaintiff.

[5] Although Plaintiff attempts to dispute this fact, she cites only the City's now-withdrawn admission of an alleged property interest. *See* Pl.'s Resp. Def. Kupper's Mot. at 6, ¶ 2.

employment was not covered by a collective bargaining agreement or written employment contract.

On May 22, 2015, Plaintiff was placed on administrative leave with pay and given written notice by Defendant Kupper of a pre-determination meeting regarding disciplinary action, "up to and including termination." *See* Def. Kupper's Mot., Ex. 5 [Doc. No. 48-5] Mem. at 2. The notice alleged three policy violations and provided examples of unacceptable conduct: fostering a culture of intimidation (describing two specific instances of intimidating statements); poor decision making or management of human resources (citing a decision to retain and transfer a probationary employee accused of threatening behavior); and unprofessionalism (describing two instances of unprofessional conduct related to the resignation of her immediate superior and derogatory references to employees under her supervision). The notice set a date for a pre-determination meeting to discuss the allegations and invited Plaintiff to attend with a representative.

After receiving the notice, Plaintiff through counsel requested additional information and supporting documents. The City through counsel denied the request, except for providing a copy of its personnel policies. Plaintiff's request for reconsideration of this response was denied, as was a request to compel the attendance of a particular witness.

On June 5, 2015, a pre-determination meeting was held with Defendant Kupper and other representatives of the City present. Plaintiff attended the meeting with her attorney, and provided a written response to the allegations in the notice. The City did not present any information or evidence.

On June 22, 2015, Plaintiff's employment was terminated by Defendant Kupper at a meeting with Plaintiff and her attorney. Plaintiff received a written decision (using a personnel form, "Specific Occurrence Performance Report") that summarized the allegations and Plaintiff's responses, and determined that she had violated the personnel policies cited in the notice. The decision stated that she was terminated because she "failed to meet the department's expectations of a division manager" and the administration lacked confidence in her ability to lead her division "in a manner consistent with the goals and vision of the administration." *See* Def. Kupper's Mot., Ex. 7 [Doc. No. 48-7] at 2. Defendant Kupper again refused to provide Plaintiff with copies of witness statements or any further explanation of the allegations against her.

On June 30, 2015, Plaintiff filed a grievance challenging her termination, as provided by the City's personnel policies. The post-termination grievance process included hearings before a grievance review board. The board issued a decision that was largely favorable to Plaintiff and recommended her reinstatement. *See* Pl.'s Resp. Def. City's Mot., Ex. 54 [Doc. No. 57-56]. However, the city manager rejected the board's recommendation and upheld Plaintiff's termination. The city manager stated that Plaintiff was "terminated for conduct that [he found] unacceptable for a Division Manager" and that he "believe[d] it to be in the best interest of the City . . . that [she] not be reinstated." *See* Def. Kupper's Mot., Ex. 9 [Doc. No. 48-9].

## Discussion

Plaintiff's § 1983 claim that she was denied procedural due process requires proof 1) that she had a constitutionally protected interest in her employment by the City, and

7

2) that Defendants did not follow constitutionally adequate procedures to terminate her employment. *See Riggins v. Goodman*, 572 F.3d 1101, 1108 (10th Cir. 2009); *Montgomery v. City of Ardmore*, 365 F.3d 926, 935 (10th Cir. 2004). Defendant Kupper challenges Plaintiff's ability to satisfy either of these elements.[6]

### A. Protected Property Interest

The question of whether an employee has a constitutionally protected property interest in municipal employment is a legal issue to be decided by the court applying state law. *See Driggins v. City of Oklahoma City*, 954 F.2d 1511, 1513-14 (10th Cir. 1992) ("we must decide whether the Oklahoma Supreme Court would find a property interest"). The court of appeals expressly held in *Driggins* that the terms of employment of an appointed employee of the City (like Plaintiff) "are controlled by the city charter" and that the charter's provision for removals to be made "solely for the good of the service" does not "create a legitimate expectation of entitlement to continued employment absent cause for discharge" under Oklahoma law. *Id*. at 1514 (internal quotations omitted). Relying on the holding of *Driggins*, Defendant Kupper argues that Plaintiff lacked a property interest in continued employment by the City.

Plaintiff does not present any argument or authority that suggests the holding of *Driggins* has been affected by a subsequent Tenth Circuit or Oklahoma Supreme Court

---

[6] Because the City adopts Defendant Kupper's Motion with respect to these issues, the Court refers to Defendants collectively. However, to establish municipal liability under § 1983 for any constitutional violation that occurred, Plaintiff would also be required to establish that the City had an official policy or practice that caused the deprivation of a due process right. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

decision. She instead argues that *Driggins* is not controlling because she had an implied contract of employment with the City arising from its written personnel policies and certain specific policies of the parks department. *See* Pl.'s Resp. Def. Kupper's Mot. at 9. The terms of the alleged contract are unclear, other than an expectation that a non-probationary employee would be given a reason for disciplinary action (including termination) and an opportunity to respond, and would have access to the grievance procedures. *Id*. at 12-14. She points to the City's adherence to established disciplinary procedures provided by the Personnel Policies, including the use of a "Specific Occurrence Performance Report" to terminate her employment, and purporting to comply with *Loudermill*. *Id*. at 14.

Plaintiff ignores the Tenth Circuit's rejection of similar arguments in *Driggins*. There, the court of appeals held that the City's "personnel policies, adopted by resolution of the city council, that enumerate some of the circumstances in which permanent employees may be discharged" could not alter the city charter or "legally bind the city to any other terms or reasons for dismissal" not stated in the charter. *Driggins*, 954 F.2d at 1514 (internal quotation omitted). The court expressly considered whether the City's personnel policies combined with its "actual practices and customs regarding the termination of employees" could create an implied contract, as argued by Plaintiff in this case. The Tenth Circuit rejected Plaintiff's position, concluding that "the Oklahoma Supreme Court would [not] recognize a property interest in continued employment in these circumstances." *Id*. at 1515.

Plaintiff's reliance on cases involving collective bargaining agreements or implied contracts of other employers is ineffective to undermine the holding of *Driggins*. For

9

example, Plaintiff relies on *Hennigh v. City of Shawnee*, 155 F.3d 1249 (10th Cir. 1998), as "show[ing] (subsequent to *Driggins*) that Oklahoma courts recognize that an employee manual can create 'an expectancy of employment' on the basis of an implied contract." *See* Pl.'s Resp. Def. Kupper's Mot. at 11. In *Hennigh*, however, the Tenth Circuit found that *Driggins* was distinguishable because the plaintiff's employment was protected by a collective bargaining agreement "contracted pursuant to state legislation" that trumped the city charter and created a property interest under Oklahoma law. *Hennigh*, 155 F.3d at 1255. The other cases cited by Plaintiff address implied contracts of employment generally and do not involve conflicts with a city charter. *See Russell v. Bd. of Cty. Comm'rs*, 952 P.2d 492, 502-03 (Okla. 1997); *Tsotaddle v. Absentee Shawnee Housing Auth.*, 20 P.3d 153, 158-60 (Okla. Civ. App. 2000).[7] Thus, the Court is not persuaded by Plaintiff's arguments.

"Absent a property interest, there can be no violation of Due Process." *Washington v. Unified Gov't of Wyandotte Cty.*, 847 F.3d 1192, 1202 (10th Cir. 2017) (internal quotation omitted). Because Plaintiff has failed to show a property interest in continued employment by the City, her due process claim fails as a matter of law.

---

[7] Notably, these cases are based on Oklahoma Supreme Court decisions such as *Hayes v. Eateries, Inc.*, 905 P.2d 778 (Okla. 1995), and *Hinson v. Cameron*, 742 P.2d 549 (Okla. 1987), that apply principles of implied contract to employee handbooks and manuals. Interpreting these cases, the Tenth Circuit has emphasized: "Employer guarantees are merely 'vague assurances' unless they place *substantive restrictions* on the reasons an employer may terminate an employee." *Bowen v. Income Prod'g Mgmt. of Okla., Inc.*, 202 F.3d 1282, 1284 (10th Cir. 2000) (emphasis in original). Here, as in *Hayes*, 905 P.2d at 783, Plaintiff has not shown "any such substantive restrictions or definite or specific promises" of continued employment by the City.

### B. Constitutionally Adequate Procedures

"An essential principle of due process is that a deprivation of life, liberty or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Loudermill*, 470 U.S. at 542 (internal quotation omitted). "This principle requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Id.* (citations omitted). A constitutionally adequate "pretermination hearing requires: (1) 'oral or written notice [to the employee] of the charges against him;' (2) 'an explanation of the employer's evidence and [3] an opportunity [for the employee] to present his side of the story.'" *Montgomery*, 365 F.3d at 936 (quoting *Loudermill*, 470 U.S. at 546); *see Riggins*, 572 F.3d at 1108. The court of appeals has explained these requirements as follows:

> We have upheld as sufficient to meet these requirements informal proceedings, such as pretermination warnings and an opportunity for a face-to-face meeting with supervisors, *see Seibert v. University of Oklahoma Health Sciences Center*, 867 F.2d 591, 598 (10th Cir.1989), and even a limited conversation between an employee and his supervisor immediately prior to the employee's termination, *see Powell v. Mikulecky*, 891 F.2d 1454, 1459 (10th Cir. 1989). The objective of the process is "an initial check against mistaken decisions – essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *West* [*v. Grand Cty.*], 967 F.2d [362,] at 367 [(10th Cir. 1992)] (citation omitted).

*Riggins*, 572 F.3d at 1108 (footnote omitted); *see also Lauck v. Campbell Cty.*, 627 F.3d 805, 813 (10th Cir. 2010) (meetings in which superiors discussed adverse employment action with plaintiff were "adequate as pretermination hearings").

The procedures that are constitutionally required depend on the circumstances of a particular case. If only minimal procedural protections occur before an employee's

termination, due process requires post-termination procedures that provide the employee "with the opportunity to challenge his termination in a more detailed fashion." *Montgomery*, 365 F.3d at 938. Similarly, the adequacy of available post-termination procedures depends on the earlier process afforded. "When the pretermination process offers little or no opportunity for the employee to present his side of the case, the procedures in the post-termination hearing become much more important." *Benavidez v. City of Albuquerque*, 101 F.3d 620, 626 (10th Cir. 1996)); *see Montgomery*, 365 F.3d at 938; *see also Koessel v. Sublette Cty. Sheriff's Dep't*, 717 F.3d 736, 749 (10th Cir. 2013).

On the record presented in this case, the Court finds that Plaintiff cannot establish a denial of due process under the circumstances, even if she could show a protected property interest in continued employment by the City. The undisputed facts establish that Plaintiff received before termination the minimal procedural protections that the Due Process Clause requires, namely, notice of the reasons for her proposed termination, a description of alleged facts underlying each of those reasons, and an opportunity to respond and present her side of the story. She was represented by counsel, and allowed to present a detailed explanation of her actions. After her termination, she was provided the full protections of the City's grievance and review process. The process resulted in a favorable ruling by the grievance review board, but the city manager simply elected to reject it based on his assessment that her termination was for the good of the service.

Plaintiff's criticisms of her pre-termination notice and hearing procedure are that she was informed of some, but not all, of the allegations supporting her termination and that she was denied a full explanation of the evidence against her. Plaintiff contends these

12

defects deprived her of a meaningful opportunity to respond to all of the charges. *See* Pl.'s Resp. Def. Kupper's Mot. at 15-26. But in light of the detailed post-termination procedures available to her, these alleged flaws did not deprive her of the minimal pre-termination protection – "an initial check against mistaken decisions" – that the Due Process Clause requires. *See Loudermill*, 470 U.S. at 545. "The pretermination hearing is merely the employee's chance to clarify the most basic misunderstandings or to convince the employer that termination is unwarranted." *Powell v. Mikulecky*, 891 F.2d 1454, 1458 (10th Cir. 1989). Plaintiff clearly received that opportunity in this case.

Regarding post-termination procedures, Plaintiff's sole argument is that *ex parte* communications, particularly between municipal employees and members of the Grievance Review Board, interfered with her right to an impartial review process. Plaintiff complains that the grievance review board was presented with information outside the context of the hearings, and the city manager also received extra-record materials. *See* Pl.'s Resp. Def. City's Mot. at 32, 34. The Court is not persuaded by this argument, which is unsupported by any citation of legal authority. Further, the Court notes that strict adversarial rules implicit in Plaintiff's argument are inapplicable in the employment context. *See*, *e.g.*, *Riggins*, 572 F.3d at 1112 ("our case law generally rejects the idea that a combination of adjudicatory and investigatory functions is a denial of due process").[8]

---

[8] To the extent Plaintiff contends the City failed to follow state law – which allegedly prohibits the use of findings made by the Oklahoma Employment Security Commission (Pl.'s Resp. Def. City's Mot. at 32, 34), as was done in her case – this contention has no bearing on her § 1983 claim. The question of whether constitutionally adequate procedures were provided is a matter of federal law; noncompliance with state-law requirements is not determinative. *See Loudermill*, 470 U.S. at 541; *Guttman v. Khalsa*, 669 F.3d 1101, 1115 (10th Cir. 2012); *Ward v.*

In summary, under the undisputed facts and circumstances shown by the case record, the Court finds that Plaintiff has failed to show she was denied constitutionally adequate procedures in the termination of her employment.

**Conclusion**

For these reasons, the Court finds that Defendant Kupper is entitled to summary judgment on Plaintiff's § 1983 claim based on a deprivation of procedural due process.

IT IS THEREFORE ORDERED that Defendant Douglas Kupper's Motion for Summary Judgment [Doc. No. 48] is GRANTED. Defendant Douglas Kupper is entitled to judgment in his favor as a matter of law.

IT IS SO ORDERED this 4th day of March, 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

*Anderson*, 494 F.3d 929, 935 (10th Cir. 2007) ("A failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause.") (internal quotation omitted).